UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VALERIE FASTIGGI,                                           :

                Plaintiff,                    :

        -against-                               :    **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,   :         11 Civ. 997 (RA) (KNF)
                                                            :
                Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Valerie Fastiggi, proceeding pro se and in forma pauperis, brought this action, pursuant to the Social Security Act, "42 U.S.C. § 405(g) and/or § 1383(c)(3)," seeking to "modify the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to plaintiff, retroactive to the date of the initial disability, June 2001, or in the alternative, to remand to the Commissioner of Social Security for reconsideration of the evidence." The plaintiff asserts that the "premise of this action is to change the onset date of Disability TO JUNE 2001 from April 2003 and to Reverse the Denial," because the plaintiff "recently found out that Social Security Administration, Office of Disability Adjudication and Review, . . . THE APPEALS COUNCIL, are missing important documents which resulted in the Appeals Council making faulty/erroneous decisions." The plaintiff alleges that the Appeals Council's December 2, 2010 decision was not based on substantial evidence because it was made "without looking at my paper records," which was only considered after the decision had already been made. According to the plaintiff, she filed timely her "request to change the onset date of disability from April 2003 to June 2001," but that request, dated November 10, 2008, "was lost, or misfiled by the Social Security Administration."

Before the Court is the plaintiff's unopposed motion to appoint counsel to assist her in prosecuting this action. The plaintiff contends she is "not a lawyer" and needs "an attorney who knows the Rules of Procedure, the Rules of Evidence and to prepare a Memorandum of Law with Supporting Affidavits" in opposition to the defendant's summary judgment motion. The plaintiff asserts she is "without access to a law library or websites [sic] indicating case law applicable to my case" and her disability "prevents [her] from doing any travel or research necessary to prepare a Memo of Law" or the necessary documents. The plaintiff contends that, "[a]t the very least, . . . an attorney could be assigned to me who can amend and edit the draft I have prepared so that it strongly presents my case for changing [the] onset date to 2001 . . . and put it [in] the right format using proper procedure." Furthermore, the plaintiff asserts, "most attorneys I have contacted want to be paid and/or [are] not fully versed in disability law or [are] too busy."

***Legal Standard***

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). "In deciding whether to appoint counsel, . . . the [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Once this threshold is met, the court then considers other criteria "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (citing Hodge, 802 F.2d at 61-62).

The Commissioner's findings of fact, when supported by substantial evidence, are conclusive. See 42 U.S.C. § 405(g). "In reviewing a final decision of the SSA [Social Security

Administration], th[e] Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009).

*Application of Legal Standard*

Assuming that the plaintiff meets the threshold requirement of showing that her position seems likely to be of substance, the Court considers other criteria below in determining whether appointing counsel to assist the plaintiff is warranted.  The plaintiff's case is not one of factual and legal complexity because the only issue challenged before the agency was the onset date of the plaintiff's disability, April 25, 2003.  The history of the underlying administrative procedure as well as the procedural history in this action demonstrates that the plaintiff has the ability to navigate the legal minefield of the administrative and court proceedings unassisted.  In fact, the plaintiff concedes that she already prepared a draft in opposition to the defendant's summary judgment motion, and seeks counsel if not to prepare then to "amend and edit the draft I have prepared so that it strongly presents my case for changing [the] onset date to 2001."  Although the plaintiff contends her disability prevents her "from doing any travel or research necessary to prepare a Memo of Law or documents necessary" to oppose the defendant's summary judgment motion, this contention is contradicted by her assertion that she already prepared a draft of her opposition to the defendant's motion.  Thus, her contention, without more, is not sufficient to warrant appointment of counsel.  The plaintiff presented no other reason why in this particular case appointment of counsel would more probably lead to a just resolution of the dispute.  Accordingly, appointing counsel to assist her is not warranted.

*Conclusion*

For the foregoing reasons, the plaintiff's motion to appoint counsel, Docket Entry No. 45, is denied.

Dated: New York, New York
March 14, 2013

SO ORDERED:

Copy mailed to:

*Kevin Nathaniel Fox* (signature)
KEVIN NATHANIEL FOX
Valerie Fastiggi
UNITED STATES MAGISTRATE JUDGE