UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VALERIE FASTIGGI,                                 :

                    Plaintiff,           :

          -against-                    :     **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,   :     11 Civ. 997 (RA) (KNF)
                                                           :
                    Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On March 14, 2013, the Court denied the plaintiff's motion to appoint counsel to assist her with prosecuting this action. Before the Court is the plaintiff's motion for reconsideration of the March 14, 2013 order.

      The plaintiff contends that "[t]oo many assumptions are being made," and her case is "complex and unique." The plaintiff contends that "things would become much clearer and faster with an attorney at my side who can show the court in an organized way I have a legally substantial . . . case." According to the plaintiff, the "Court is unaware of the many problems I face." For example, the plaintiff contends, she "flunked High School," and her "non-lawyer friend" was helping her with her case, including drafting a memorandum of law to "show the court we don't need many many hours for the attorney to spend on this case." The plaintiff contends, it is difficult for her "to understand case law and multiple rules" and she has health problems which make it "[h]ard to focus when in pain," and she is "basically bed-ridden." Moreover, the plaintiff contends, her file is incomplete, missing "transcripts from Judge Lee [and] my documents proving I filed for appeal two weeks before deadline," and it is not clear

1

why she has "more than one case #," with the agency since "[t]his is one continuous case. No break in the chain."

**Legal Standard**

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to set forth, in a memorandum of law, "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3.

> The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . . Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.

Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

**Application of Legal Standard**

The plaintiff failed to point to any facts or controlling decisions that the Court overlooked when it determined her motion to appoint counsel. Although the plaintiff asserts, for the first time, that she "flunked High School," and her "non-lawyer friend" helped her draft a memorandum of law in opposition to the defendant's motion, these facts, if asserted originally, could not reasonably be expected to alter the Court's determination. Moreover, although the plaintiff asserts, for the first time, that it is "[h]ard to focus when in pain," and she is "basically bed-ridden," the Court considered the plaintiff's health issues when determining the motion, as the plaintiff asserted in the motion that she has "declining health, can't walk, breath, etc." Thus, the plaintiff failed to assert a ground for the Court to reconsider her motion to appoint counsel.

*Conclusion*

For the foregoing reasons, the plaintiff's motion for reconsideration, Docket Entry No. 57, is denied.

Dated: New York, New York
      May 3, 2013

SO ORDERED:

*[signature]*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Valerie Fastiggi