UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VALERIE FASTIGGI,

                      Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

------------------------------------------------------------X

No. 11 Civ. 997 (RA)

OPINION AND ORDER

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/14

RONNIE ABRAMS, United States District Judge:

    Before the Court is Valerie Fastiggi's *pro se* appeal from a decision by the Commissioner of Social Security. Over the past twelve years, Fastiggi has pursued two separate applications for social security disability benefits. Her first application, which sought benefits as of June 23, 2001, was denied. Her second application, which sought benefits as of April 25, 2003, was granted, and she was awarded full disability benefits dating back to that date. After her second application was granted, however, Fastiggi asked the Commissioner to make that award retroactive to the 2001 date at issue in her first application. The Commissioner denied her request, and Fastiggi now appeals that decision.

    The Commissioner moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment, pursuant to Rule 56. Because the Court lacks subject matter jurisdiction, the Commissioner's motion is granted pursuant to Rule 12(b)(1).

## I.     Background

### A.     The First Application for Disability Benefits

Fastiggi first applied for social security disability insurance benefits and supplemental security income benefits on February 25, 2002, claiming that she became disabled on June 23, 2001. (R. at 44, 543.) On April 24, 2003, an Administrative Law Judge ("ALJ") denied her application. (R. at 41-44, 521; Dkt. 66 at ECF 74-76.)[1]

According to Fastiggi, her attorney thereafter prepared an appeal to the Social Security Administration Appeals Council, but failed to file it within the thirty days allotted. (R. at 508, 521.) In July 2003, upon learning that her appeal had never been filed, Fastiggi sent a letter to the Appeals Council, explaining her attorney's omission and requesting review. (R. at 508.) Over a year later, on March 8, 2005, the Appeals Council recognized that Fastiggi had good cause for her delay but denied her request on the merits, thereby making the ALJ's April 24, 2003 decision denying her first application the final decision of the Commissioner. (R. at 41-44.) Fastiggi did not seek review of this decision in district court within the sixty days provided by 42 U.S.C. § 405(g). Indeed, she did not seek review in district court until February 7, 2011, nor did she raise the issue again with the Appeals Council until November 10, 2008. (R. at 507.)

### B.     The Second Application for Disability Benefits

After learning that her first attorney had failed to file her appeal, Fastiggi obtained new counsel. (Dkt. 53 at ECF 18-19, 33.) On November 19, 2003, Fastiggi's new attorney filed her second application for disability insurance benefits, claiming headaches, back pain, spinal impairments, depression, arthritis, and other ailments. (R. at 63-67.) Fastiggi alleges that her new attorney told her that he was seeking disability payments dating back to June 2001. (Dkt. 53

---

[1] For ease of reference, citations to "ECF" reflect page number designations made by the Court's Electronic Case Filing system.

at ECF 33.) However, the second application, which Fastiggi herself signed, states that she did not become disabled until April 25, 2003. (R. at 64, 67.) As of March 8, 2005—when the denial of her first application became final—Fastiggi's second application had been pending before the Commissioner for more than a year. Fastiggi claims that she never understood that her two applications were designated as two separate cases; rather, she thought they were part of one, combined case. (Dkt. 53 at ECF 6-8, 12, 16, 19; Dkt. 66 at ECF 2, 3, 25.)

The administrative hearing on Fastiggi's second application, which both Fastiggi and her attorney attended, was held on December 19, 2005. (R. at 471-501.) When the ALJ noted that Fastiggi's alleged onset date was April 25, 2003, neither she nor her attorney objected. (R. at 478.) After the hearing, Fastiggi reportedly terminated the relationship with her second attorney for "ineffectual representation and gross negligence." (Dkt. 66 at ECF 77; R. at 523-27.) On January 10, 2006, the ALJ denied Fastiggi's second application for benefits. (R. at 11-19.)

After exhausting her administrative appeals, Fastiggi filed an action *pro se* in district court. (R. at 4-7, 10, 467-70; Complaint, Fastiggi v. Comm'r of Social Security (Fastiggi I), No. 07 Civ. 5662 (S.D.N.Y. June 14, 2007).) The parties voluntarily stipulated to a remand, and, on October 31, 2008, an ALJ found that Fastiggi was disabled due to leg and back pain, temporomandibular joint syndrome, headaches, memory problems, and depression. (R. at 518, 528-35; Stip'n & Order, Fastiggi I, No. 07 Civ. 5662 (Nov. 15, 2007).) He awarded disability benefits dating back to April 25, 2003—the date listed on her second application. (R. at 518, 528-35.) The ALJ thus designated his decision as "fully favorable" to Fastiggi. (R. at 528.)

On November 10, 2008, Fastiggi wrote a letter to the Appeals Council asserting that the start date for her disability payments should be June 2001 instead of April 25, 2003, and requesting that the Appeals Council amend her award so that it would be retroactive to June

2001. (R. at 507.) Her letter attributed the discrepancy in dates to the incompetence of her attorney. (Id.) Fastiggi submitted similar requests on December 26, 2008, and December 31, 2008. (R. at 515, 517-18.) The Appeals Council initially construed Fastiggi's requests as attempts to appeal the decision granting her second application. (R. at 502-04, 511-12.) Due to an apparent oversight, it determined that she had waited too long to appeal that decision. (R. at 502-04, 511-12; Dkt. 20 at 3.) Accordingly, the Appeals Council did not consider her arguments. (R. at 502-04, 511-12.)

### C. The Present Action

Fastiggi initiated this action on February 7, 2011. Judge Buchwald, to whom this case was previously assigned, concluded that, contrary to the Appeals Council's determination of untimeliness, Fastiggi had sought timely review of the October 31, 2008 decision granting her second application. (J. Buchwald's Order of 2/23/2012 at 3, 8.) Judge Buchwald thus remanded the case to the Appeals Council to consider Fastiggi's arguments on the merits. (Id. at 8.) The Appeals Council issued its subsequent decision on March 14, 2012. (R. at 560-61.) In it, the Appeals Council noted that the ALJ had found that Fastiggi had been under a disability since April 2003, but that she had since asserted in a November 10, 2008 letter that she became disabled in June 2001. (Id. at 560.) It then concluded that there was "no reason in accordance with [its] regulations to reopen and change the decision" and "no significant basis for any change in the prior action taken in [her] case." (Id.) Judge Buchwald then allowed Fastiggi to resume the present action, in which she seeks to "change the onset date of Disability TO JUNE 2001." (Dkt. 2 at ECF 5.) The Commissioner argues that the Court lacks subject matter jurisdiction over Fastiggi's appeal. (Comm'r's Mem. of Law 11-13.) The Court agrees.

## II.     Applicable Legal Standards

In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court accepts all the factual allegations in the complaint as true, but does not draw inferences in favor of the Plaintiff.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999).  "Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."  Chestnut v. Wells Fargo Bank, N.A., No. 11 Civ. 5369 (JS) (ARL), 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012).

## III.    Discussion

Fastiggi has, at times, styled her requests for relief to the Appeals Council and to this Court as appealing the decision granting her second application.  As that decision, however, was deemed "fully favorable" in that it awarded all of the relief she requested in that application, and because the Court lacks jurisdiction to review a favorable decision, the Court has no jurisdiction to consider such a claim.  See Louis v. Comm'r of Soc. Sec., 349 F. App'x 576, 578 (2d Cir. 2009); Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983).  The Court will thus construe Fastiggi's present action as one to reopen the denial of her first application which sought benefits as of June 2001.

Fastiggi claims that she was unjustly denied the right to appeal the denial of her first application due to the mistakes of her attorneys. (Dkt. 22 at ECF 10; Dkt. 53 at ECF 8-9, 18-19, 33.)  She contends that her case meets the criteria for reopening and that the Appeals Council did not consider all the facts or make a "full and fair inquiry." (Dkt. 22 at ECF 5-6, 10-12; Dkt. 53 at ECF 13; Dkt. 66 at ECF 23.)  Fastiggi further argues that the denial of her first application is

not supported by substantial evidence and is inconsistent with the later decision granting benefits. (Dkt. 22 at ECF 5, 7-8, 10-11; Dkt. 53 at ECF 6, 11; Dkt. 66 at ECF 8, 15, 17, 23-25, 43.) She thus requests that the Appeals Council's decision be reversed and that the Court award her benefits retroactively to June 2001. (Dkt. 22 at ECF 3, 5-6, 11-12, 30.)

"As a general rule, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003). The Supreme Court has explained that Congress limited judicial review of social security decisions in order "to forestall repetitive or belated litigation of stale eligibility claims. [The Court's] duty, of course, is to respect that choice." Califano v. Sanders, 430 U.S. 99, 108 (1977). "Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." Byam, 336 F.3d at 180. Fastiggi does not claim that the Appeals Council constructively reopened her first application. She does, however, attempt to raise two constitutional claims.

### A.  Procedural Due Process

Fastiggi appears to claim that the denial of her first application and her inability to now seek judicial review of that denial violate her constitutional right to due process. (Dkt. 22 at ECF 6, 9; Dkt. 66 at ECF 9, 14.) The Second Circuit has held that the denial of an application for social security benefits can implicate the constitutional right to due process under certain circumstances. See Stieberger v. Apfel, 134 F.3d 37, 39-40 (2d Cir. 1997); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990). Due process requires "notice and an opportunity to be heard." Dusenberry v. United States, 534 U.S. 161, 167 (2002) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)).

The record reflects that Fastiggi was indeed afforded adequate notice and the opportunity to be heard. Fastiggi's first application appears to have received all levels of administrative review, including an evidentiary hearing at which she was represented by counsel. (R. at 41-44, 508, 521, 543; Dkt. 66 at ECF 74.) See, e.g., Navan v. Astrue, No. 11 Civ. 6732 (DLC), 2012 WL 398635, at *3 (S.D.N.Y. Feb. 8, 2012) (holding that there was no due process violation where the application that claimant sought to reopen had been "considered at all levels of administrative review, and [claimant] was afforded a full hearing before an ALJ"). Furthermore, although the denial of her first application became final on March 8, 2005, Fastiggi did not appeal or take any further action on that application until November 10, 2008—more than three years later, and well after the time to appeal had passed. (R. at 41-44, 507.) Meanwhile, Fastiggi's second application was granted after full administrative and judicial review.

Fastiggi further alleges that she was unfairly denied judicial review of her first application, because her second attorney misled her about the period for which her second application sought benefits. She claims that her second attorney "repeatedly told [her] they would represent [her] to get [a] disability award commencing June 2001." (Dkt. 53 at ECF 33.) Assuming that is true, it is not a due process violation, because her attorney is a private actor. Only government action can violate the Due Process Clause. See Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 206 (2d Cir. 1999) (holding that it was "[a] threshold requirement" of the plaintiff's Fifth Amendment Due Process Clause claim that "defendant's conduct constituted state action"). There is no indication in the record that the Commissioner misled Fastiggi about the period of time covered by her second application. Indeed, at the hearing on her second application, at which Fastiggi was present, the ALJ clearly informed her

7

that she was being considered for disability benefits as of April 25, 2003. (R. at 478.) The record also shows that Fastiggi signed the second application, which listed April 25, 2003 as the date she became disabled. (R. at 63-67.)

Fastiggi also appears to claim that she failed to seek judicial review of the denial of her first application because she never realized that her two applications were part of two separate cases. (Dkt. 53 at ECF 6-8, 12, 16, 19-20; Dkt. 66 at ECF 2-3, 25.) Although Fastiggi may well have been confused, she has not raised any plausible claim that the Commissioner misled her or failed to provide adequate notice of her appellate rights. To the contrary, the Commissioner explicitly notified Fastiggi of the consequences of failure to seek judicial review. The Appeals Council's order making the denial of her first application final and appealable included a paragraph describing how to file a civil action, as well as the following language:

> "If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action. If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules. . . . You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. . . . If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. . . .

(R. at 42-43.) Accordingly, Fastiggi was provided adequate notice of her rights and she has not stated a colorable claim for a due process violation. See e.g., Stellacci v. Barnhart, No. 02 Civ. 8875 (SAS), 2003 WL 22801554, at *4 (S.D.N.Y. Nov. 24, 2003) (rejecting due process claim because "plaintiff received written notice of the difference between filing a new application and filing an appeal, as well as notice of the procedures for filing an appeal" (footnote omitted)).

Finally, Fastiggi alleges that she "ha[s] on tape that the Appeals Council strongly urged [her] not to file with Federal Court. . . . They told [her] they would re-open [her] case and grant

[her an] extension of time." (Dkt. 53 at ECF 8.) If, in fact, a member of the Appeals Council advised Fastiggi in 2005 not to file a complaint in district court because the Appeals Council was going to reopen her first application, that could very well constitute a constitutional violation. In comparable settings, Courts have found due process violations where the Commissioner's notices of decision contained misinformation about the consequences of failure to seek judicial review. See e.g., Gonzalez v. Sullivan, 914 F.2d at 1203; Rooney v. Shalala, 879 F. Supp. 252, 256-57 (E.D.N.Y. 1995).

There are two reasons, however, why this claim fails. First, the alleged conduct would presumably have occurred in 2005, around the time the denial of Fastiggi's first application became final, but she waited until May 11, 2012 before raising the argument for the first time. (Dkt. 22 at ECF 12.) She did not raise this allegation in her numerous letters and faxes to the Commissioner or in the complaint she filed in this Court. Second, Fastiggi has not submitted any objective evidence that the conversation happened, nor has she offered any specific allegations regarding the contents, circumstances, or date of the conversation. If she had such a tape recording, then she should have submitted it to the Court with her opposition to the Commissioner's motion. Accordingly, because Fastiggi's claim that the Appeals Council provided her misinformation was not previously raised and it is entirely unsupported, the Court declines to consider it. See, e.g., Henry v. Soc. Sec. Admin., 456 F. App'x 13, 15-16 (2d Cir. 2011) (plaintiff's claim that he missed a filing deadline because the Commissioner gave him misinformation was not "properly supported" because he raised the argument for the first time in a letter to the Appeals Council and offered no evidence or specific allegations).

### B. Ineffective Assistance of Counsel

Fastiggi also claims that she was denied effective assistance of counsel. (Dkt. 53 at ECF

9

5, 8; Dkt. 66 at ECF 16, 43.) There is no constitutional right to effective counsel, however, in social security cases. See, e.g., Johnson v. Barnhart, No. 04 Civ 5574 (HB), 2005 WL 2993933, at *3 (S.D.N.Y. Oct. 7, 2005) ("[T]here is no right to competent counsel in Social Security proceedings."); Bovino v. Comm'r of Soc. Sec., No. 97 Civ. 2496 (JG), 1998 WL 812596, at *4 (E.D.N.Y. Apr. 8, 1998) (same). Fastiggi's allegations about her attorneys' failures thus do not raise a colorable constitutional claim.

Accordingly, the Court lacks jurisdiction to review the Commissioner's decision not to reopen Fastiggi's first application. See Byam, 336 F.3d at 180 ("[I]n the absence of either constructive reopening or a constitutional claim, the district court lacks jurisdiction to review a decision not to reopen."). Moreover, in light of the fact that Fastiggi received a "fully favorable" decision on her second application, the Court lacks jurisdiction over any claims regarding that application as well. See Louis, 349 F. App'x at 578; Wheeler, 719 F.2d at 600.[2]

### IV.  Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss is granted. The Clerk of the Court is directed to enter Judgment dismissing the complaint and close the case.

SO ORDERED.

Dated:  March 31, 2014
        New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] The Court need not address Fastiggi's request for additional discovery, because the Court lacks jurisdiction and she has not indicated that her proposed discovery relates to jurisdiction in any way. (Dkt. 53 at ECF 9.) The Court, similarly, need not rule on Fastiggi's request that the Commissioner's Answer be "dismissed with prejudice." (Dkt. 66 at ECF 2.)